PHILIP L. CUTLER and SARITA B. CUTLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cutler v. Commissioner
Docket No. 2219-75.
United States Tax Court
T.C. Memo 1977-320; 1977 Tax Ct. Memo LEXIS 128; 36 T.C.M. (CCH) 1290; T.C.M. (RIA) 770320; September 19, 1977, Filed *128 Petitioners purchased a produce brokerage company for $20,000 under a sales contract which did not contain a covenant not to compete. Held, petitioners are not entitled to a deduction for any portion of the purchase price allegedly allocable to such a covenant. Heldfurther, petitioners are not entitled to a deduction under sec. 248, I.R.C. 1954. J. Brian Foley, for the petitioners. Lowell F. Raeder, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION
*129 WILES, Judge: Respondent determined the following deficiencies in petitioners' income taxes: Addition to Tax Year
Deficiency
Under Sec. 6653(a) [1]
1968
$1,404.50
$ 70.22
1969
1,691.41
84.57
1970
2,538.99
126.95
After concessions, the two issues are whether petitioners are entitled to amortization deductions under section 167 for a covenant not to compete, and whether petitioners are entitled to a deduction for legal fees incident to the incorporation of their business. FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. Philip L. Cutler (hereinafter petitioner) and Sarita B. Cutler, husband and wife, lived in West Pittston, Pennsylvania, when they timely filed their 1968, 1969 and 1970 income tax returns, and in Scranton, Pennsylvania, when they filed their petition in this case. Petitioner was employed as a produce broker in his father-in-law's business, the Ball Brokerage Company (hereinafter Company), from 1952 until 1967. The Company operated as a sole proprietorship which arranged sales of fresh fruits and vegetables *130 for growers and shippers. In the later years of his employment, petitioner became dissatisfied with his earnings and the way the business was being run. He therefore considered buying the Company from his father-in-law, Philip Ball, or opening a competing business. To avoid the initial years of competition with Ball, petitioner decided to buy the business. During sale negotiations, petitioner was not represented by counsel but relied on Ball's attorney to draft the sale documents.Although a covenant not to compete was included in the original sales agreement, Ball refused to sign because he felt the clause represented pay for not working. Therefore, a new agreement was drafted without a covenant and was signed on November 1, 1967. The sales agreement provided that petitioner was to purchase the capital assets of the Company consisting of furniture and fixtures, trade name, and goodwill for $20,000 payable in 200 weekly installments. The agreement contained no allocation of sales price among the assets purchased. Paragraph 6 of the agreement, the only provision relating to the future conduct of Ball, reads as follows: BALL agrees to cooperate with CUTLER in filing application *131 for license certificate or certificate issued by the United States Department of Agriculture or any other papers, documents or instruments which are necessary or required to consummate this transaction. Although not required to do so under the agreement, Ball relinquished his Department of Agriculture license. Pursuant to paragraph 6, he also helped petitioner obtain his license. Ball, then 68, retired from the business and subsequently accepted employment as a clothing salesman, his current position. Petitioner continued to operate the business as a sole proprietorship under the name of Ball Brokerage Company until October 1, 1970, when he incorporated. Petitioner paid $6,375, $5,275, and $5,200 in the years 1968, 1969, and 1970, respectively, under the sales agreement. Petitioners deducted each payment in the year paid under section 167 as an amortization expense of a covenant not to compete. Respondent disallowed each deduction on the ground that the sales agreement did not contain a covenant not to compete. In 1970, petitioner also paid $200 for legal fees in connection with the incorporation of the Company. Petitioners, relying on section 248, deducton this amount on their *132 individual return. Respondent disallowed the deduction on the ground that it was a nondeductible capital expense. Respondent further contends that petitioners are not entitled to amortize the expense under section 248 since that statute applies only to corporations. OPINION The first issue is whether the petitioners may deduct payments to Ball in 1968, 1969, and 1970 as amortization expenses of a covenant not to compete. Respondent contends no deduction is permissible since the 1967 contract of sale did not contain a covenant not to compete. Petitioners contend that paragraph 6 of the agreement was intended to be a covenant not to compete. Where the seller of a business covenants not to compete with the purchaser for a specified period of time, the purchaser may amortize the amount paid for the covenant over its stated life. Sec. 167(a)(1); sec. 1.167(a)-3, Income Tax Regs.; Annabelle Candy Co. v. Commissioner,314 F. 2d 1, 4 (9th Cir. 1962), affg. a Memorandum Opinion of this Court.Of course, this general principle presupposes the existence of a covenant not to compete in the sales contract. Mills Pharmaceuticals, Inc. v. Commissioner,57 T.C. 308, 313 (1971). *133 The sales contract between petitioner and Ball provides only for the sale of assets and the assistance of Ball in licensing petitioners' business. Thus, petitioners seek to read a covenant into the contract where no such specific provision exists. Lucas v. Commissioner,58 T.C. 1022, 1033 (1972). Generally, when the parties to an agreement not containing a covenant not to compete attempt to read such a covenant into the agreement this Court has expressed a preference for the rule that "strong proof" must be shown by them to overcome the terms of the contract. Lucas v. Commissioner,supra at 1033; Ullman v. Commissioner,264 F. 2d 305, 308 (2d Cir. 1959), affg. 29 T.C. 129 (1957); Schmitz v. Commissioner,51 T.C. 306, 318 (1968), affd. 457 F. 2d 1022 (9th Cir. 1972). Since this case is appealable to the Third Circuit, however, we are required under Golsen v. Commissioner,54 T.C. 742, 757 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), to follow Commissioner v. Danielson,378 F. 2d 771, 775 (3d Cir. 1967), *134 revg. and remanding with directions 44 T.C. 549 (1965), cert. denied 389 U.S. 858 (1967), which rejects the "strong proof" rule for the following standard: a party can challenge the tax consequences of his agreement as construed by the Commissioner only by adducing proof which in an action between the parties to the agreement would be admissible to alter that construction or to show its unenforceability because of mistake, undue influence, fraud, duress, etc. The sales agreement, containing paragraph 6 as set out in our Findings of Fact, does not contain a covenant not to compete. Therefore, for petitioners to overcome the agreement, they must make the showing required by the Danielson case. Petitioners have neither pleaded nor argued that mistake, undue influence, fraud or duress induced petitioners to enter into the 1967 contract. As a result, they may not attack the terms of the agreement which does not include a covenant not to compete. Their attempt to establish that such a covenant was intended to be incorporated in paragraph 6 of the agreement must therefore fail. Even had petitioners been able to show the existence of a covenant not to *135 compete, they would still fail here. Petitioners did not establish that the purported covenant had a determinable useful life over which the payments could be amortized. W. K. Co. v. Commissioner,56 T.C. 434, 445 (1971). Moreover, the sales contract includes no allocation of the $20,000 purchase price to the purported covenant. Although this is not conclusive, it is good evidence that no allocation was intended. Annabelle Candy Co. v. Commissioner,supra at 7.
The second issue is whether petitioners may deduct the legal cost of incorporating their business in 1970. Petitioners contend that since they could have elected to amortize the legal fees as organizational expenses under section 248, they can deduct the expense in one taxable year. Petitioners argue this result is permissible since the deduction creates no material distortion of income. Petitioners fail to cite, and we are unable to find, any support for this contention. Their argument is without merit. Section 248, by its express terms, applies only to corporations. Accordingly, respondent's determination is sustained. We have considered petitioners' other arguments and find *136 them unpersuasive. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩